IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REGINALD NALLS                                                                                           PLAINTIFF

         v.                              Civil No. 1:12-cv-01039

SCOTT RUSSELL; SHELBI
HUGHES; and CHAD COULTER                                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Reginald Nalls, is currently incarcerated at the Arkansas Department of Corrections Cummins Unit in Grady, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me on the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and for preservice screening under the provisions of the Prison Litigation Reform Act.

**I.      BACKGROUND**

The events complained of by Plaintiff in his Complaint involve his arrest, indictment, conviction, and imprisonment in 2009. Plaintiff names personnel of the Crossett Police Department and the Federal Bureau of Investigations ("FBI") as Defendants in his Complaint.

According to the allegations of the Complaint, Plaintiff was arrested October 1, 2009 by

Officers Shelbi Hughes and Scott Russell of the Crossett Police Department. Officer Hughes and Russell conducted a traffic stop of the vehicle in which Plaintiff was riding. Officer Hughes and Russell searched Plaintiff and the driver of the vehicle and discovered Plaintiff was in possession of marijuana and the driver was in possession of cocaine. ECF. No. 2, p. 4. Plaintiff was taken to the Crossett Jail where Officers Hughes and Russell along with Officers Harold Wayne Pennigton and Chad Coulter from the FBI interviewed Plaintiff. Plaintiff did not waive his Miranda rights during the interview so he was taken back to the jail and charged with possession of crack cocaine with intent to deliver. ECF. No. 2, p. 4.

Plaintiff claims that Officers Hughes, Russell, Pennigton and Coulter presented false information to the grand jury in order to indict him. Plaintiff also claims he was forced to take a plea for "misprison" of a felony without any knowledge of crack cocaine. Finally, Plaintiff claims he was illegally charged, illegally indicted, and falsely imprisoned. Plaintiff seeks monetary compensation for Defendants conduct. ECF. No. 2, p. 4-5.

## II.    DISCUSSION

In reviewing an *in forma pauperis* application, the Court follows a two step process: (1) determine whether the plaintiff has shown his economic situation qualifies for *in forma pauperis* status under 28 U.S.C. § 1915(a) and, if so, permit the complaint to be filed; and (2) then determine whether the cause of action stated in the complaint should be, pursuant to sections 1915(e)(2) and 1915A, dismissed. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).

In his IFP application (ECF No. 1), Plaintiff indicates he has no source of income and no assets. The records from the detention facility show his monthly balance average for the last six

(6) months is zero dollars. The information supplied by Plaintiff is sufficient to determine that Plaintiff's economic situation qualifies for IFP status.

Next, pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Here, the Plaintiff's claims challenge his indictment, conviction, and imprisonment as illegal. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Here, Plaintiff did not assert that his conviction has been set aside or otherwise held invalid, and therefore, Plaintiff has not stated a cognizable claim under section 1983. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(a).

Furthermore, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus*

relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

### III.    CONCLUSION

Accordingly, I recommend that Plaintiff's motion to proceed IFP (ECF No. 1) be **DENIED** and the case **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of October 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
